IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEAR MOUNTAIN ORCHARDS, INC. | : | CIVIL ACTION |
| v. | : | |
| MICH-KIM, INC., et al. | : | NO. 07-853 |
| | | (Consolidated) |

### MEMORANDUM AND ORDER

A non-jury trial was held in this case on January 15, 2009 as a result of this Court's denial of Plaintiffs' Motion for Summary Judgment as to Defendant Jacqueline Fleisher.  See Bear Mountain Orchards, Inc. v. Mich-Kim, 2008 WL 4710920 (October 22, 2008).   The main issue at trial was whether Defendant Jacqueline Fleisher is secondarily liable for Plaintiffs' claims against corporate Defendant Bear Mountain Orchards under the Perishable Agricultural Commodities Act ("PACA").

At the trial, the Court heard testimony from various witnesses and made findings of fact to the effect that although Mrs. Fleisher was an officer, director and shareholder of Mich-Kim for periods of time, Ellis Fleisher attempted to remove her from these positions to eliminate any potential personal liability.  (N.T. 180-85).  In addition, the Court found that although Mrs. Fleisher was an employee of the company for a time, the facts showed that she was not involved in any of the fundamental business decisions, and there was no evidence that she had any managerial role in the operation of the company. (Id.)

After making the findings of fact, the Court gave Plaintiffs' counsel the opportunity to brief several issues, including: (1) whether Mr. Fleisher had succeeded in removing Mrs. Fleisher

as officer and director under Pennsylvania law; and (2) whether Mrs. Fleisher's involvement with the company was sufficient under the Perishable Agricultural Commodities Act ("PACA") to impose liability on her.

The Court's Memorandum of October 22, 2008 reviews the law on individual liability under PACA. The Court has reviewed the post-trial briefs filed by both parties. The Court does not now make any specific findings as to whether Ms. Fleisher was actually removed from the Board of Directors or from her position as an officer, although this was clearly Mr. Fleisher's intent. Although Pennsylvania law has specific provisions for removal of directors and officers, see 15 Pa. C.S. § 1726(a)(1) and § 1733, the record shows that the corporate books and records of the Defendant corporation were not kept in an orderly manner, making it difficult to determine if Mrs. Fleisher was properly removed.

Nonetheless, even assuming that Mrs. Fleisher was a director and/or officer during the relevant periods of time, the Court concludes that there is no evidence that Mrs. Fleisher was actively involved in running the corporation. Under existing Third Circuit law, as reviewed in the prior Memorandum, this fact precludes PACA liability.

For these reasons, it is hereby ORDERED that judgment will be entered in favor of the Defendant Jacqueline Fleisher and against the Plaintiffs.

BY THE COURT:

Date:  3/13/09    S/Michael M. Baylson
Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\07-853 Bear Mt v. Kim\Bear Mt. v. Mich-Kim Order 3-12-09.wpd